George D. Ogden, J.
On or about January 21, 1960 Edgar J. Dewey was indicted by a Grand Jury of the County of Monroe and charged with the crime of murder in the first degree. It was alleged in the indictment that Dewey, with another, shot and killed a Rochester police officer in the course of a burglary. Counsel was assigned and on or about June 29, 1960 defendant-petitioner was found guilty of murder in the first degree by a jury, and sentenced to be confined in Attica State Prison for the term of his natural life. Defendant-petitioner thereafter filed a notice of appeal on or about July 24, 1960 from said judgment of conviction, but (as his petition alleges) “ on the advice of his court appointed attorney the notice of appeal was withdrawn.” In his notice of motion petitioner states that he “ is contemplating a review of his trial and the court procedure had, and the testimony taken, for the purpose of a Writ of Error Coram Nobis proceeding and/or if affidavits materialize together with the findings in the court stenographer’s minutes of the trial and the official court records this petitioner will endeavor to reopen his case.”
Nowhere in the notice of motion, or supporting affidavit or affidavits, does petitioner claim that he was improperly prevented from filing a notice of appeal, or that any notice of appeal which he caused to be filed was withdrawn other than voluntarily; and nowhere does he deny that pursuant to an order of this court a daily copy of the testimony received during the course of his trial was furnished to his counsel, pursuant to section 308 of the Code of Criminal Procedure.
There is, therefore, no appeal or application for a writ of error coram nobis pending, and it affirmatively appears from petitioner’s own affidavits that he voluntarily, consciously and knowingly withdrew his notice of appeal, which had been served, from the judgment of conviction in this matter. The case of People v. Hill (9 A D 2d 451, affd. 8 N Y 2d 935) is not in point because there the defendant’s application in the nature of a writ of error coram nobis was based upon his alleged insanity or incompetency during the time within which a notice of *468 appeal from Ms conviction could be filed- Defendant has not been wrongfully prevented from complying* with the statutory reqmrements for the taMng and perfecting of an appeal from a judgment of conviction as was true in People v. Hairston (10 N Y 2d 92 [June 9, 1961]). Other cases cited by either the People or the County Legal Adviser are predicated upon the taking of an appeal from the judgment of conviction by the convicted defendant.
It, therefore, appears both on the law and the facts that there exists no ground for the relief demanded in defendant-petitioner’s notice of motion. As Chief Judge Desmond stated in People v. Sullivan (3 N Y 2d 196, 199) and People v. Silverman (3 N Y 2d 200, 203): “ Because of the distinctions heretofore made and now being made as to the various post-judgment remedies in criminal causes, no clear rule or rules exist and each case must be decided according to its own equities.”
The motion of defendant-petitioner, Edgar J. Dewey, in all respects, is demed.